IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE T. C. DUNN, | : | CIVIL ACTION NO. **1:CV-10-2408** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BRIAN V. COLEMAN, et al., | : | |
| | : | |
| Respondents | : | |

## AMENDED REPORT AND RECOMMENDATION

### I. Background.

On November 18, 2010, the Petitioner, Andre T. C. Dunn, an inmate at the State Correctional Institution at Fayette, LaBelle ("SCI-Fayette"), Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner's *pro se* Petition was docketed to Civil Action No. 1:CV-10-2408, M.D. Pa. (Doc. 1, Civil No. 10-2408). Petitioner failed to pay the filing fee. This Court first denied the Petitioner's Motion for Leave to Proceed *in forma pauperis* on January 6, 2010. (Doc. 7). In response, on January 18, 2011 Petitioner filed a document indicating that his inmate account was in arrears $9.71 and stating he was unable to pay the $5.00 filing fee. (Doc. 8). Attached to this filing was a copy of Petitioner's Inmate Account Statement which verified his statement regarding his inmate account. (*Id.*). On January 21, 2011, this Court granted Petitioner's Motion for Leave to Proceed *in forma pauperis*. (Doc. 10).

On November 4, 2010[1], Petitioner filed a separate Petition for Writ of Habeas Corpus, together with an Application in Support of Request to Proceed *in forma pauperis*, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, M.D. Pa. Civil No. 1:CV-10-2498). His second habeas petition filed in the United States District Court for the Eastern District of Pennsylvania was transferred to the United States District Court for the Middle District of Pennsylvania by Order dated November 29, 2010. (Doc. 2, Civil No. 10-2498). Petitioner's second habeas petition was received in the United States District Court for the Middle District of Pennsylvania on December 7, 2010, and docketed as Civil Action No. 1:CV-10-2498.

On December 10, 2010, we issued a Report and Recommendation recommending that Civil Action Number 1:CV-10-2498 be consolidated into Civil Action No. 1:CV-10-2408, and that Civil Action No. 1:CV-10-2498 be closed. (Doc. 4). On January 4, 2011, the District Court issued an Order adopting said Report and Recommendation. (Doc. 6).

On April 13, 2011, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 25, Civil No. 10-2408).

In his Civil No. 10-2408 habeas petition, Petitioner challenges his September 8, 2005 conviction and November 21, 2005 sentence of three to six years in prison imposed in the Court of Common Pleas of Schuylkill County, Pennsylvania (CP-54-CR-0000501-2004), for possession

---

[1] Both Habeas Petitions filed by Petitioner were signed by the Petitioner the same day, namely, October 25, 2010. (Doc. 1). Thus, under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on October 25, 2010. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia. (Doc. 1, p. 1; Doc. 25, p. 1 ).

On January 21, 2011, the Court issued a Show Cause Order directing the Clerk to serve a copy of the original Petition (Doc. 1), together with the Order, on the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Schuylkill County, directing the Respondents to file an answer to the Petition, and directing Respondents to file a Brief in support of their Response within twenty days of the date of the Order.[2] (Doc. 10).

On January 25, 2011, Petitioner filed a Motion for a sixty-day Extension of Time to file a brief in support of his Habeas Corpus Petition (Doc. 11), which this Court granted on January 26, 2011. (Doc. 12). On February 15, 2011, Respondents filed a Motion for Extension of Time to respond to the habeas petition (Doc. 14), which was granted by this Court on February 16, 2011. (Doc. 15). On February 28, 2011, Petitioner filed a Motion for an Extension of time to file his Traverse and requested this Court order the State Court to send him copies of his State Court transcripts. (Doc. 16). On March 2, 2011, the Court granted Petitioner's Second Motion for Extension of Time to File His Traverse and denied Petitioner's Request for this Court to order the State Court to send him copies of his State Court transcripts. (Doc. 17).

On March 16, 2011, Petitioner filed for a further Extension of time to file his Traverse. (Doc. 18). On March 17, 2011, the Court issued an Order directing Respondents to file their Response to Petitioner's Habeas Corpus Petition (Doc. 1) by the date of March 25, 2011. The

---

[2] Also on January 21, 2010, the Court sent Petitioner a *Miller Mason* Notice of Election form to complete. (Doc. 9). *See U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000). Petitioner has not filed the form as directed.

Court noted that Respondents' failure to file their response would result in the issuance of a Show Cause Order why Respondents should not be held in contempt. Further, the Court granted Petitioner's Motion for Extension of time to file his Traverse. (Doc. 19).

On March 21, 2011, Respondents filed their response to Petitioner's habeas petition. (Doc. 20). On March 23, 2011, the Court issued an Order directing Respondents to file Petitioner's state court records relevant to his habeas petition within fifteen days from the date of the Order. (Doc. 21).

On March 26, 2011, Petitioner filed a Motion to Amend his Habeas Corpus Petition pursuant to FRCP 15(a)(c)(2) (Doc. 22), which the Court granted on March 29, 2011. (Doc. 23).[3]

As stated above, on April 13, 2011, Petitioner filed his Amended Habeas Corpus Petition. (Doc. 25). Also, on April 13, 2011, Petitioner filed his Memorandum of Law in Support of his Amended Habeas Corpus Petition. (Doc. 26). On April 14, 2011 the Court issued a new Show Cause Order directing the Clerk to serve a copy of the Amended Petition and Support Memorandum(Docs. 25 and 26), together with the Order on the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Schuylkill County. The Court further ordered Respondents to respond to the Amended Petition as required by Rule 5, 28 U.S.C.A. foll. § 2254 and, also ordered the Respondents to file a Brief in support of their Response. (Doc. 27).

---

[3] In the Order dated March 29, 2011, the Court noted that Petitioner's Amended Habeas Corpus Petition must be a complete Petition, and it will supersede his original Habeas Corpus Petition. The Court also noted once Petitioner filed his Amended Habeas Corpus petition, the Court would issue a new Show Cause Order on Respondents.

On April 25, 2011, Respondents filed a Motion for an Extension of Time (Doc. 30), which the Court granted on April 26, 2011. (Doc. 31). The Respondents filed their Response to Petitioner's Amended Habeas Petition on May 16, 2011. (Doc. 32). Petitioner did not file a Traverse.

On June 7, 2011, the Court issued an Order directing Respondents to file copies of Petitioner's relevant state court records, including state court decisions. (Doc. 33). Respondents filed copies of Petitioner's state court records on June 9, 2011 and June 28, 2011. (Docs. 34 and 36).

On July 19, 2011, we issued a Report and Recommendation ("R&R") and recommended that Petitioner Dunn's Petition for Writ of Habeas Corpus be dismissed as untimely. (Doc. 37). We now issue this Amended R&R which completely supersedes and replaces our July 19, 2011 R&R to correct certain dates.[4]

**II. State Procedural Background.**

As stated, on November 21, 2005, Petitioner was sentence of three to six years in prison imposed in the Court of Common Pleas of Schuylkill County "(CCP"), Pennsylvania (CP-54-CR-

---

[4]We issue this Amended R&R, which supersedes and completely replaces our July 19, 2011 R&R, in order to correct some errors in dates we later found regarding the timeliness issue. We note that some of the discrepancies as to dates in our July 19, 2011 R&R from the present R&R were due to our verifications of Petitioner's state court filing dates based, in part, on his state court appellate docket sheets regarding his appeals in a different CCP criminal case than his instant CCP conviction.

We also note, as discussed below, that since Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal, his conviction became final 30 days after the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on February 27, 2007, *i.e.* March 29, 2007. In our July 19, 2011 R&R, we mistakenly stated that Petitioner's conviction became final on May 28, 2007.

0000501-2004), for possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia. (Doc. 1, p. 1; Doc. 25, p. 1 ). On December 5, 2005, Petitioner timely filed a direct appeal of his judgment of sentence with the Pennsylvania Superior Court. On February 27, 2007, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. (Doc. 25, p. 2).[5] Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal. (*Id*.). Nor did Petitioner file a petition for writ of *certiorari* with the United States Supreme Court. (*Id*., p. 3).[6]

On October 9, 2007, Petitioner filed a PCRA Petition with the CCP. (*Id*.). On October 28, 2008, the CCP denied Petitioner's PCRA Petition. (*Id*.). On November 24, 2008, Petitioner timely filed a Notice of Appeal with the Pennsylvania Superior Court. (*Id*., p. 4). On November 18, 2009, the Pennsylvania Superior Court affirmed the CCP's order denying Petitioner's PCRA Petition. (Doc. 34-1).

The Pennsylvania Superior Court, in its November 18, 2009 decision affirming the trial court's denial of Petitioner's PCRA Petition, stated the relevant facts and procedural history of this case as follows:

> On September 8, 2005, Dunn was convicted by a jury of two counts each of possession of a controlled substance and possession with the intent to deliver a controlled substance, and one count of possession of drug paraphernalia [FN 42 Pa.C.S.A. §§ 9541-9546]. The trial court [on November 21, 2005] sentenced

---

[5]*See also* Doc. 36.

[6]As discussed below, we find that Petitioner's judgment of conviction became final 30 days after February 27, 2007, *i.e.* March 29, 2007. We note that there were 28 days in February 2007.

Dunn to a prison term of three to six years, followed by a three-year probationary term.

Thereafter, [on December 5, 2005] Dunn's trial counsel, Christopher W. Hobbs, Esquire ("Hobbs"), filed a direct appeal from Dunn's judgment of sentence. Hobbs raised four claims on appeal, including a challenge to the sufficiency of the evidence supporting Dunn's convictions. This Court concluded [on February 27, 2007] that the claim of insufficient evidence lacked merit, and deemed the three remaining issues waived as they were not properly preserved for appellate review. See Commonwealth v. Dunn, 924 A.2d 690 (Pa. Super. 2007) (unpublished memorandum).

[On October 9, 2007,] Dunn then filed a pro se PCRA petition, asserting, inter alia, constitutional violations and that Hobbs rendered him ineffective assistance. The PCRA court appointed Dunn new counsel ("PCRA counsel") to assist him in his post-conviction relief efforts. PCRA counsel filed an Amended PCRA Petition on behalf of Dunn alleging Hobb's ineffectiveness, both during trial and on appeal. On May 14, 2008, the PCRA court conducted an evidentiary hearing on the Petition ("the evidentiary hearing"). Upon consideration of the testimony presented at the evidentiary hearing and the arguments of counsel, the PCRA court entered an Opinion and Order on October 28, 2008, dismissing the Petition.

Dunn filed a timely Notice of appeal [on November 24, 2008]. Thereafter, the PCRA court ordered Dunn to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement ("Concise Statement"). Dunn timely complied [on December 29, 2008].

(Doc. 34-1, pp.1-2).

The Superior Court addressed only one issue, ineffective assistance of trial counsel for failing to obtain a new trial because of juror misconduct. The Superior Court found all other issues raised were waived. As stated, the Superior Court affirmed the trial court's denial of Petitioner's

7

PCRA Petition on November 18, 2009.   Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court regarding the Superior Court's November 18, 2009 decision.[7]

Subsequently, on October 25, 2010, Petitioner filed the instant habeas petition.[8]

## III. Claims of Habeas Petition.

In his April 13, 2011 Amended Habeas Petition (Doc. 25), Petitioner raises the following grounds: (1) Violation of his Fourth, Sixth and Fourteenth Amendment rights, based on "ineffective assistance of trial counsel for his failure to call two fact witnesses who were brought to counsel's attention. [...] where [t]hese witnesses could have had a major impact on my defense;" (2) Ineffective assistance of counsel based on the fact that "pretrial counsel failed to argue properly at the suppression hearing that the safe should not have been allowed to be open, instead, counsel argued that the police could not prove that the safe belonged to petitioner;" (3) Ineffective assistance of counsel based on appellate counsel's failure "to adhere to the court order and file a concise statement of matters which resulted in the Superior Court waiving three of the four issues raised on direct appeal"; and (4) Ineffective assistance of trial counsel for failure to obtain a new trial due to juror misconduct whereby "a sitting juror made comments to another individual who had nothing to do with the trial."   "The statements by the juror in question was directed at petitioner's innocence or guilt". (Doc. 25, pp. 5-11 and Doc. 26).

---

[7]We obtained a copy of Petitioner's CCP Criminal Docket Sheet at http://ujsportal.pacourts.us.  We take judicial notice of Petitioner's CCP docket Sheet.  We used Petitioner's CCP Docket Sheet to verify dates.

[8]As noted above, under the prison mailbox rule, we construe Petitioner's instant habeas petition as being filed originally on October 25, 2010. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

**IV. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a

conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*).  A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps.  First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888  (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)).  Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established,"  the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

## V. Discussion.

### A. Timeliness

The AEDPA statutory language governing time limitations for filing a §2254 habeas

petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion
>> of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created
>> by State action in violation of the Constitution or laws of the United
>> States is removed, if the applicant was prevented from filing by such State
>> action;
>> (C) the date on which the constitutional right asserted was initially recognized
>> by the Supreme Court if the right has been newly recognized by the
>> Supreme Court and made retroactively applicable to cases on collateral
>> review; or
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.
> *Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:

> Under the AEDPA, an individual incarcerated pursuant to the judgment of a state
> court desiring habeas corpus relief must generally file an application for writ of
> habeas corpus within one year of "the date on which the judgement became final
> by the conclusion of direct review or the expiration of time seeking such
> review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to

pursue federal habeas relief.  The amendments impose a one-year statute of limitations for

§ 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four

potential starting points for determining when the statute of limitations begins to run.  The

11

applicable period in the instant matter is March 29, 2007, 30 days after the February 27, 2007

decision of the Pennsylvania Superior Court which affirmed Petitioner's judgment of sentence, the

date that Petitioner's conviction became final. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any

time devoted to pursuing a properly filed application for state post-conviction relief or other

collateral relief is excluded from the limitations period.  28 U.S.C. § 2244(d)(2); *Merritt, supra.*

Our review of the record reveals that on February 27, 2007, the Pennsylvania Superior

Court affirmed Petitioner's judgment of sentence on direct appeal.  Petitioner undisputedly did not

file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  Further, Petitioner

undisputedly did not file a Petition for Writ of *Certiorari* with the United States Supreme Court.

(Doc. 1, pp. 2-3 & Doc. 25).  Thus, we find that Petitioner's conviction became final on March 29,

2007, *i.e.* 30 days after the Pennsylvania Superior Court denied Petitioner's direct appeal of his

judgment of sentence.

In *Cotto v. Murray*, 2011 WL 1118724, *1 (W.D. Pa. 3-24-11), the Court found that

since its Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme

Court on direct appeal after the Pennsylvania Superior Court denied Petitioner's appeal of his

judgment of sentence, Petitioner's judgment of sentence became final on "the date on which the

30-day period to do so expired."  The *Cotto* Court cited to Pa.R.A.P 1113 and to *Swartz v. Meyers*,

204 F. 3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or

the expiration of time for seeking such review.").  *See also  Fletcher v. Lawlor*, 2011 WL 1288689,

*2(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA

Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's

12

conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Starkey v. Cameron*, 2010 WL 5575288, *2 (E.D. Pa. 12-23-10), adopted by 2011 WL 1583872 (E.D.Pa. 4-25-11)(the judgment of conviction of Petitioner became final when the time for seeking allowance of appeal in the PA Supreme Court expired under Pa.R.A.P. 1113(a)(Petition for Allowance of Appeal must be filed within 30 days). *Compare with Pabon v. Mahanoy*, 2011 WL 2685586, *11 (3d Cir. 7-12-11)(since Petitioner sought review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence, "[Petitioner] Pabon's conviction became final [90 days later], when the time expired for seeking *certiorari* for direct review by the United States Supreme Court.") citing *Kapral v. U.S.*, 166 F.3d 565, 567 (3d Cir. 1999).

Thus, we find that Petitioner's judgment of sentence became final thirty (30) days after the Pennsylvania Superior Court affirmed the sentence order of the trial court, *i.e.* thirty days after the February 27, 2007, which is March 29, 2007.   Therefore, as discussed, since Petitioner Dunn did not seek review on direct appeal in the Pennsylvania Supreme Court after the Pennsylvania Superior Court affirmed his judgment of sentence on the February 27, 2007, for purposes of §2244(d)(1)(A), Petitioner's conviction became final on March 29, 2007, when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2; *Starkey, supra*.

Accordingly, we find that Petitioner's AEDPA SOL ran from March 30, 2007 through October 8, 2007, and that 193 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed his PCRA Petition on October 9, 2007.  Petitioner had no state court appeal, either

direct or collateral, pending during this 193-day period.   Thus, Petitioner is not entitled to any tolling of his AEDPA statute of limitations ("SOL") during this 193 days. *See Fletcher v. Lawlor*, 2011 WL 1288689, *2.[9]  Therefore, about 6 months and 10 days ran on Petitioner's SOL.

Petitioner does not recognize the date on which his conviction became final, and only states in his Amended Habeas Petition that, "This is [a] timely petition." (Doc. 25, p. 13).   Also, Respondents did not address the timeliness of Petitioner's habeas petition in their Response. Regardless, we find that the Court can *sua sponte* address the timeliness of Petitioner's habeas petition especially since both parties had more than ample time to address this issue.   The Third Circuit Court of Appeals, in *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph*, 409 F.3d 155 (3d Cir. 2005);  *Day v. McDonough*, 126 S.Ct. 1675, 1683 (2006).  Moreover, Petitioner is on notice regarding the timeliness issue in light of our July 19, 2011 R&R and the present R&R addressing it.  Petitioner has the opportunity to address the timeliness issue if he files objections to our instant R&R.  Thus, we find that both Petitioner

---

[9]We calculate the 193 days which ran on Petitioner's SOL  from March 30, 2007 through October 8, 2007 as follows:

    2 days March 2007;
    30 days April 2007;
    31 days May 2007;
    30 days June 2007;
    31 days July 2007;
    31 days August 2007;
    30 days September 2007; and
    8 days October 2007.

Dunn and Respondents have sufficient notice and an opportunity to be heard regarding whether the habeas petition is timely under the AEDPA.

As stated, Petitioner's judgment of sentence became final on March 29, 2007, and Petitioner's AEDPA statute of limitations ("SOL") started to run on March 30, 2007. Petitioner's SOL ran uninterrupted from March 30, 2007 until October 8, 2007 (one day before Petitioner timely filed his *pro se* Post Conviction Relief Act ("PCRA") Petition with the CCP on October 9, 2007), since Petitioner did not have any properly filed state court appeals, either direct or collateral, pending during this entire period of time. Thus, 193 days, about six (6) months and ten (10) days, ran on Petitioner's SOL, up to the filing of his PCRA petition. Petitioner's SOL was statutorily tolled on October 9, 2007, when he timely filed his PCRA petition with the CCP, and it was tolled until his PCRA Petition was finally denied by the Pennsylvania Superior Court on November 18, 2009. (Doc. 34-1). *See* 28 U.S.C. § 2244(d)(2).[10] Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court with respect to the Superior Court's November 18, 2009 decision. (Doc. 1, p. 8).

Petitioner's SOL began to run again on December 19, 2009, 30 days after the Superior Court's November 18, 2009 Order affirming the denial of his PCRA Petition,[11] and it ran until

---

[10]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

[11]We include the 30 day period as part of the time Petitioner's AEDPA SOL was tolled during which Petitioner could have filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court with respect to the Superior Court's November 18, 2009 decision.

October 24, 2010, one day prior to the date Petitioner executed his present Habeas Petition (Doc. 1) since he did not have any properly filed state court appeals pending during this time.

This time period from December 19, 2009 to October 24, 2010 is an additional 309 days, about ten (10) months and nine (9) days, which ran on Petitioner's AEDPA SOL. This 309 days, when added with the 193 days which previously ran on Petitioner's AEDPA one-year limitation period, totals 502 days, over 16 months, before Petitioner filed his habeas petition. Petitioner has clearly filed his habeas petition well after the applicable AEDPA one year limitation period. Thus, we find that Petitioner Dunn's habeas petition is out of time.

Accordingly, we find that Petitioner's one-year AEDPA statute of limitations has expired and shall recommend that this Habeas Petition be dismissed as untimely, unless the statute of limitations is found to have been equitably tolled.

The Court must now decide if the doctrine of equitable tolling excuses the Petitioner's failure to abide by the time limitations of the AEDPA. The one-year AEDPA filing deadline is subject to equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, 122 S.Ct.323 (2001); *Merritt v. Blaine*, 326 F. 3d 157 (3d Cir. 2003).[12] *See also Satizabal v. Folino*, 2007

---

[12]In *Merritt*, 326 F. 3d at 168, the Third Circuit stated:

> This court has held that the AEDPA statute of limitations is subject
> to the doctrine of equitable tolling. *Fahy,* 240 F.3d at 244. Equitable
> tolling is available " 'only when the principle of equity would make
> the rigid application of a limitation period unfair.' " *Id.* (quoting *Miller v.
> New Jersey Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)). In *Fahy,*
> we restated the two general requirements for equitable tolling:
> (1) that "the petitioner has in some extraordinary way been prevented
> from asserting his or her rights;" and (2) that the petitioner has shown
> that "he or she exercised reasonable diligence in investigating and

16

WL 1811194 (E.D.Pa.)(E.D.Pa. 2007); *Pabon v. Mahanoy*, 2011 WL 2685586 (3d Cir. 7-12-11).

However, even with the AEDPA's statute of limitations being subject to equitable tolling, courts should be "sparing" in its use, and use it only for "exception al circumstances". *LaCava v. Kyler*, 398 F. 3d 271, 275 (3d Cir. 2005); *Garrick v. DiGuglielmo*, 162 Fed.Appx. 122, 124 (3d Cir.2005).

As the Court in *Musgrove v. Filion*, 232 F. Supp. 2d 26, 28 (E.D. N.Y. 2002), stated, "[t]he doctrine of equitable tolling is proper only in the 'rare and exceptional circumstances.' To invoke the doctrine, a petitioner must show that:

> (1) 'extraordinary circumstances prevented him from filing his petition on time;' and (2) he 'acted with reasonable diligence throughout the period he seeks to toll'." (Internal citations omitted).

Further, mere excusable neglect is not sufficient for a Petitioner to be entitled to equitable tolling, where he must show he exercised reasonable diligence in investigating and bringing his claims. *See Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 618-619 (3d Cir.1998); *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003)).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." *Walker v. Frank*, 56 Fed.Appx. 577, 582 (3d Cir.2003). "A grant of equitable toling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." *Ragan v. Horn*, 598 F.Supp.2d 677, 685-686 at 680 (E.D.Pa.2009)(*citing Phillips v. Heine*, 984 F.2d

---

bringing [the] claims." *Id.*

489, 492 (D.C.Cir.1993)).  Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible.  (*Id*.).

"The United States Court of Appeals for the Third Circuit has suggested that one month[13] is a sufficient period of time for a petitioner to file a pro se habeas petition.  *Mitchell v. Beard*, Slip Copy, 2010 WL 1135998 (E.D.Pa., 2010) (*citing Brown*, 322 F.3d at 774).  The Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, *Walker*, 56 Fed.Appx. at 582 n. 5 (*Id*.).

We must look to the dismissal of the instant Habeas Corpus Petition to see if the equitable tolling doctrine should be invoked in this case.  *Musgrove, supra*.

In this case, the Petitioner Dunn is clearly out of time, as discussed, since he did not file his present federal Habeas Corpus Petition until October 25, 2010.  The Petitioner failed to timely file his present Habeas Petition since 502 days ran on his AEDPA SOL before he filed it.

We do not find extraordinary circumstances in this case which prevented the Petitioner Dunn from filing a timely habeas petition.  Petitioner does not give any reasons for the 193 days delay from March 29, 2007 until October 9, 2007 when he filed his PCRA Petition.  Nor does Petitioner show any reason for the delay from December 19, 2009, thirty days after the Superior Court's November 18, 2009 Order affirming the denial of his PCRA Petition, until October 24,

---

[13]In our July 19, 2011 R&R, we stated that 16 months and 15 days ran on Petitioner's AEDPA SOL before he filed his present habeas petition.  However, some of our calculations in our prior R&R were incorrect, despite now coming up with only a minor difference in the total amount of time that had expired on Petitioner's AEDPA SOL in the present R&R.

2010, one day before Petitioner dated his present habeas petition.  Petitioner had no appeal pending during this time.  As stated, in his Amended Habeas Petition, Petitioner makes no statement regarding the timeliness of his Petition, other than stating it is timely. (Doc. 25, p. 13). Petitioner, therefore, has not shown any extraordinary circumstances which prevented him from timely filing his habeas petition.

Petitioner offers no reason which would justify equitable tolling.  Also, as discussed, Petitioner inexplicably waited from December 19, 2009, thirty days after the November 18, 2009 PA Superior Court Order affirming the denial of his PCRA Petition, until October 25, 2010, when he filed this Habeas Petition.  This inordinate delay of 309 days, coupled with his prior 193 day delay in 2007, as discussed, rendered Petitioner's present habeas petition filing well beyond the one-year AEDPA statute of limitations.  Petitioner knew of his PCRA claims at the time he received the November 18, 2009 decision from the Superior Court, and he could have still timely filed his habeas petition at that time.  However, Petitioner waited until October 25, 2010, to file his habeas petition, and he offers no reasonable explanation for this delay.  We do not find that Petitioner has in some way been extraordinarily prevented from asserting his claims or that he used reasonable diligence in bringing his claims.  Nor do we find that Petitioner used due diligence during the time in which over 16 months on his AEDPA SOL ran.

Petitioner was well-aware of his PCRA claims challenging his conviction when he filed his appeal with the Superior Court regarding the denial of his PCRA Petition by the CCP.  (Doc. 34). Petitioner offers no acceptable explanation for the 193- day delay that occurred after his judgment of conviction became final until he filed his PCRA petition, and for the 309-day delay from

19

December 19, 2009, 30 days after the Superior Court's November 18, 2009 Order affirming the

denial of his PCRA Petition, until October 25, 2010, when he untimely filed his present habeas

petition with this Court. Nor do we find that the Petitioner Dunn acted with reasonable diligence

between the two stated time periods, and particularly after the time of December 19, 2009, when

193 days had run on his AEDPA statute of limitations, and when Petitioner still had over five months

left to have filed his habeas petition with this Court within the AEDPA statute of limitations.

Further, as stated, there is simply no claim by Petitioner Dunn that he was actively misled

or that he timely asserted his rights in the wrong forum. In *Hubley v. Superintendent, SCI Camp Hill*,

57 Fed. Appx. 927, 2003 WL 77260 at * 6 (3d Cir.), the Court stated that:

> "[E]quitable tolling is proper only when the principles of
> equity would make the rigid application of a limitation
> period unfair." *Miller v. New Jersey State Dep't of Corr.*,
> 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted).
> "Generally, this will occur when the petitioner has 'in some
> extraordinary way . . . been prevented from asserting his or
> her rights.'" *Id.* (Quoting *Oshiver v. Levin, Fishbein, Sedran &
> Berman*, 38 F.3d 1380 (3d Cir. 1994)).
> The "petitioner must 'show that he or she exercised reasonable
> diligence in investigating and bringing [the] claims.' . . . Mere excusable
> neglect is not sufficient." *Robinson v. Johnson*, 313 F.3d 128,
> 142 (3d Cir. 2002) (quoting *Miller*, 145 F.3d at 618-19 (internal
> quotations omitted)).

Based on the above reasons, we find that Petitioner Dunn has failed to show

extraordinary circumstances or that "the principles of equity would make the rigid application of

a limitation period [§ 2241(d)(1)] unfair." *Miller*, 145 F. 3d at 618. We find that equitable tolling

of the AEDPA statute of limitations is not warranted in this case.

20

Thus, we do not find that extraordinary circumstances prevented Petitioner Dunn from timely filing his habeas petition within the AEDPA statute of limitations.  We find that Petitioner Dunn's present Habeas Petition is untimely and should be dismissed pursuant to 28 U.S.C. §2244(d)(1)(A).

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Dunn's Amended Petition for Writ of Habeas Corpus **(Doc. 25)** be dismissed as untimely.


**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August _3_, 2011**

21

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE T. C. DUNN, | : | CIVIL ACTION NO. **1:CV-10-2408** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BRIAN V. COLEMAN, et al., | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Amended
**Report and Recommendation** dated August 3, 2011.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with

22

instructions.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: August 3, 2011