IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRE T. C. DUNN,** : | **CIVIL NO. 1:CV-10-2408** |
| Petitioner : | |
| : | **(Judge Rambo)** |
| v. : | |
| : | **(Magistrate Judge Blewitt)** |
| **BRIAN V. COLEMAN,** *et al.*, : | |
| : | |
| Respondents : | |

# **M E M O R A N D U M**

Before the court is an amended report of the magistrate judge (doc. 38) in which he recommends that Petitioner Dunn's amended petition for writ of habeas corpus be dismissed as untimely. Petitioner has filed objections. Respondents have not replied.

In the amended report and recommendation, the magistrate judge addressed the issue as to whether or not Dunn should be granted equitable tolling of the statute of limitations. The magistrate judge found that equitable tolling was not appropriate because Dunn had not exercised due diligence throughout the period he sought to toll. The magistrate judge cites the following in support of his findings:

> . . . Petitioner's judgment of sentence became final on March 29, 2007, and Petitioner's AEDPA statute of limitations ("SOL") started to run on March 30, 2007. Petitioner's SOL ran uninterrupted from March 30, 2007 until October 8, 2007 (one day before Petitioner timely filed his *pro se* Post Conviction Relief Act ("PCRA") Petition with the CCP on October 9, 2007), since Petitioner did not have any properly filed state court appeals, either direct or collateral, pending during this entire period of time. Thus, 193 days, about six (6) months and ten (10) days, ran on Petitioner's SOL, up to the filing of his PCRA petition. Petitioner's SOL was statutorily tolled on October 9, 2007, when he timely filed his PCRA petition with the

> CCP, and it was tolled until his PCRA petition was finally denied by the Pennsylvania Superior Court on November 18, 2009. (Doc. 34-1). *See* 28 U.S.C. § 2244(d)(2). [footnote omitted.] Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court with respect to the Superior Court's November 18, 2009 decision. (Doc. 1, p. 8).
>
> Petitioner's SOL began to run again on December 19, 2009, 30 days after the Superior Court's November 18, 2009 Order affirming the denial of his PCRA Petition, [footnote omitted] and it ran until October 24, 2010, one day prior to the date Petitioner executed his present Habeas Petition (Doc. 1) since he did not have any properly filed state court appeals pending during this time. This time period from December 19, 2009 to October 24, 2010 is an additional 309 days, about ten (10) months and nine (9) days, which ran on Petitioner's AEDPA SOL. This 309 days, when added with the 193 days which previously ran on Petitioner's AEDPA one-year limitation period, totals 502 days, over 16 months, before Petitioner filed his habeas petition. Petitioner has clearly filed his habeas petition well after the applicable AEDPA one-year limitation period.

(Amended Report and Recommendation, doc. 38, at pp. 15-16.) Based on the foregoing, and with no explanation by Petitioner as to the delay and failure to show extraordinary circumstances for the delay, equitable tolling is not warranted.

In his objections to the report and recommendation, Petitioner claims that equitable tolling should apply because he "was denied his appeal rights by the lower courts, as well as before this Honorable Court, whereby, Petitioner had requested transcripts, police reports and other court documents several times in order to file a meaningful and perfected appeal in this matter." (Petr.'s Objs., Doc. 41, at p. 2, ¶ C.) Dunn cites to an order from the Schuylkill County Court dated December 29, 2010, which denied him a transcript of his trial. The denial was based on the fact that there were no on-going proceedings in that court. (*Id*. at Ex. A.) That order was issued two months after the filing of the instant petition.

2

The magistrate judge denied Petitioner's request that this court order the State court to provide a copy of his state court transcript.  (*See* March 2, 2011 Order, doc. 17, at fn. 1.)  The magistrate judge also issued an order directing Respondents to file state court records relevant to Petitioner's habeas petition.  (*See* March 23, 2011 Order, doc. 21.)

In Petitioner's April 13, 2011 amended habeas petition (doc. 25), Petitioner raises the following grounds: (1) violation of his Fourth, Sixth and Fourteenth Amendment rights, based on "ineffective assistance of trial counsel for his failure to call two fact witnesses who were brought to counsel's attention . . . . where these witnesses could have had a major impact on my defense;" (2) ineffective assistance of counsel based on the fact that "pretrial counsel failed to argue properly at the suppression hearing that the safe should not have been allowed to be open, instead, counsel argued that the police could not prove that the safe belonged to petitioner;" (3) ineffective assistance of counsel based on appellate counsel's failure "to adhere to the court order and file a concise statement of matters which resulted in the Superior Court waiving three of the four issues raised on direct appeal;" and (4) ineffective assistance of trial counsel for failure to obtain a new trial due to juror misconduct whereby "a sitting juror made comments to another individual who had nothing to do with the trial. . . . The statements by the juror in question was directed at petitioner's innocence or guilt."  (Amended Pet., doc. 25, at pp. 5-11 and doc. 26.)  Dunn has not articulated what documents not received through the March 23, 2011 order (doc. 21) are needed nor how the need for these documents support his claims as to the incompetency of counsel.

Dunn has not shown extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The report and recommendation will be adopted. An appropriate order will be issued.

        s/Sylvia H. Rambo
        United States District Judge

Dated:  September 30, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE T. C. DUNN,** | : | **CIVIL NO. 1:CV-10-2408** |
| Petitioner | : | |
| v. | : | (Judge Rambo) |
| | : | (Magistrate Judge Blewitt) |
| **BRIAN V. COLEMAN,** *et al.*, | : | |
| Respondents | : | |

## O R DE R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Blewitt (doc. 38).

2) The amended petition for writ of habeas corpus is dismissed as untimely.

3) This court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                                           s/Sylvia H. Rambo
                                                           United States District Judge

Dated: September 30, 2011.